UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA McCOLM,

        Plaintiff(s),

    v.

SAN FRANCISCO HOUSING AUTHORITY, ET AL.,

        Defendant(s).
_____/

No. C-02-5810 PJH (JCS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL [Docket No. 93]**

Defendant Paula Jones d/b/a A-1 Security ("A-1 Security") filed a motion (the "Motion") seeking further responses to A-1 Security's First Set of Special Interrogatories (the "Interrogatories") and further production of documents pursuant to A-1 Security's First Request for Production of Documents (the "Document Requests") [Docket No. 93].[1]  Plaintiff filed an opposition to the Motion; A-1 Security filed a reply.

The Motion came on regularly for hearing on January 26, 2007, before the undersigned. Plaintiff appeared by telephone.  Defendant A-1 Security appeared through its counsel, Guy Stilson.

Having heard the arguments of counsel, and good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART the Motion as follows.

---

[1] The title in the caption of the Notice of Motion refers only to A-1 Security as the moving party, while the text also refers to Henry Johnson as a moving party.  This appears to be an error as Henry Johnson did not propound any of the discovery at issue in this Motion.  Henry Johnson, however, is a co-defendant who is also represented by the same law firm as A-1 Security.

The Motion can be usefully divided into two parts: Interrogatories and Document Requests. With regard to the Interrogatories, A-1 Security seeks answers to Interrogatory Nos. 1-25. A-1 Security also seeks the production of documents in response to its Request Nos. 1-24.

## **INTERROGATORIES**

In her responses to the Interrogatories, Plaintiff raised several specific objections. It is worth noting that in response to virtually all of these Interrogatories, Plaintiff offered no substantive answer, but rather repeated boilerplate objections.

The Court has examined Interrogatory Nos. 1-25 and finds that they are relevant to the claims and defenses raised in this case. In most instances, the Interrogatories are properly-framed contention interrogatories seeking information from Plaintiff on allegations in Plaintiff's First Amended Complaint. The Interrogatories that do not directly seek facts related to a specific allegation of the Complaint seek facts directly related to the causes of action or injuries alleged by Plaintiff in the First Amended Complaint. Accordingly, Plaintiff's objection that the Interrogatories are overbroad or not reasonably calculated to lead to the discovery of admissible evidence is OVERRULED.

Plaintiff also object that each of these Interrogatories contain sub-parts and cumulatively the total number of interrogatories therefore exceeds the limit established by Federal Rule of Civil Procedure 33. This objection is OVERRULED. First, the so-called "sub-parts" are not sub-parts at all. Rather, each special interrogatory explains what it means when it requests that Plaintiff "state all facts." Moreover, even if the interrogatories are interpreted as containing sub-parts, the total number of interrogatories propounded is not unreasonable. Plaintiff has filed a lengthy First Amended Complaint with many allegations. Defendants are entitled to seek to learn all of the facts known to Plaintiff that support the allegations in her complaint, her causes of action, and her allegations of injury.

Plaintiff also objects that the interrogatories are vague and ambiguous. This objection is OVERRULED. Each interrogatory is quite specific and tailored to the claims raised in this case.

Plaintiff raises general assertions in response to every interrogatory of attorney-client privilege, work product, and privacy. She also filed a "privilege log" which does not identify what

"privilege" is asserted with respect to the documents listed. Plaintiff has made no showing that any of these privileges or protections are applicable to the information sought, and these objections are OVERRULED. Nonetheless, the parties to this action are ORDERED to meet and confer on a protective order and propose one to this Court. If Plaintiff's answers to the interrogatories, or documents she produces, contain private medical information, that information may be designated "confidential" under an appropriate protective order.

Plaintiff objects that responding to each interrogatory is burdensome and oppressive because she alleges that Defendants, as "purveyors of all incidents" have equal access to the information. This objection is OVERRULED. Defendants are entitled to learn from Plaintiff facts that she knows or has learned that are related to allegations in this lawsuit.

Finally, Plaintiff avers with respect to each interrogatory that she conducted a "diligent search for information to which she currently has access, custody and control" and believes she does not have any information except as set forth in documents available to Defendants. This boilerplate response is inadequate and is OVERRULED. The interrogatories ask for information on specific incidents alleged by Plaintiff in the First Amended Complaint. First, Plaintiff must respond with information in her possession, even if it comes from documents that she believes are equally available to Defendants. Second, the fact that "discovery and investigation" are ongoing is not a proper objection. Indeed, fact discovery closes momentarily, and Plaintiff's investigation and discovery should now be complete. If Plaintiff does not provide this information – even if it is "recalled" later – the Court may be called upon to decide whether to forbid Plaintiff from introducing at trial any information she failed to produce in discovery.

**DOCUMENT REQUESTS**

With respect to Document Request Nos. 1-25, Plaintiff again resorts to boilerplate objections, rather than producing documents.

The Court has examined all of the Document Requests and finds that they are narrowly tailored and directly relevant to the allegations in the First Amended Complaint and the claims raised by Plaintiff, as well as her injuries. Plaintiff objects that all of the Document Requests are

3

overbroad and are not reasonably calculated to lead to the discovery of admissible evidence. These objections are OVERRULED.

Plaintiff also again raises the boilerplate objection that the Document Requests are vague and ambiguous. This objection is OVERRULED. The Document Requests are narrowly tailored to the allegations of the Complaint and to the claims in this action.

With respect to each Document Request, Plaintiff again raises the claims of attorney-client privilege, work product, and privacy. There has been no showing that any documents protected by these privileges have been sought. As discussed above, Plaintiff's medical records may be designated confidential.

Plaintiff also again makes the boilerplate objection that the Document Requests are burdensome and oppressive, in part because they are equally available to Defendants. First, Plaintiff has made no showing that the documents are equally available to Defendants. Second, in any event, Defendants are entitled to know what documents Plaintiff has that are related to the First Amended Complaint, and to copy those documents. Third, Plaintiff has made no showing of burden, especially in light of the fact that Plaintiff's only duty is to collect documents in her custody or control that are responsive to these requests and make them available for copying by A-1 Security at A-1 Security's own expense.

Finally, with respect to every document request, Plaintiff claims that she has "conducted a diligent search of documents to which she has current access, custody, and control," and "believes" she is not in possession of documents responsive to these requests, except for those that are "equally available to Defendant." This response is inadequate. Plaintiff must produce copies of all documents responsive to any of these requests. The response is flawed for another reason: Plaintiff appears to limit her search to documents to which she has "current access" and believes she is not "currently in possession" of responsive documents. It may be that after a diligent search, Plaintiff determines that she has no documents that are responsive to any of the Document Requests. If that is the case, she should state so clearly and without equivocation. However, Plaintiff should understand that if she states in response to a Document Request that she has no such documents, she

4

may later be precluded from introducing into evidence any documents in her possession that are responsive to these requests, but were not produced to A-1 Security.

**OTHER OBJECTIONS**

In the opposition to the Motion, Plaintiff raises several objections that are not covered above.

First, Plaintiff objects to the Motion because it is brought, in part, by Defendant Henry Johnson, who did not propound any of the discovery at issue in the matter. This objection is OVERRULED. The Motion is also brought by A-1 Security, which did propound the Interrogatories and Document Requests.

Plaintiff also objects that the Motion was noticed for hearing in Department A. Plaintiff has made no showing that the Notice is improper in any respect. This matter was referred for discovery to the undersigned and the Motion was properly noticed for the courtroom where the undersigned ordinarily hears motions.

Plaintiff also objects to the Motion on the grounds that Defendants failed to meet and confer, as required. This objection is OVERRULED. The record reflects that Defendants attempted to meet and confer, and that no resolution was reached.

Finally, Plaintiff argues that Defendants are estopped from complaining about her discovery responses, since they are similar to Defendants' responses. This objection is also OVERRULED. This is not a valid objection. If Plaintiff has legitimate concerns about Defendants' discovery responses, there is a procedure in place to remedy that problem. It is not an excuse to serve improper responses herself. Plaintiff has also made no showing in her papers that Defendants made objections identical to or similar to those made by Plaintiff.

**SANCTIONS/CONCLUSION**

For all of the foregoing reasons, the Motion is GRANTED IN PART and DENIED IN PART. Within ten (10) calendar days from the date of this Order, Plaintiff is directed to: (1) give full and complete, substantive answers to Interrogatory Nos. 1-25 of A-1 Security's First Set of Special Interrogatories; and (2) produce for inspection and copying all documents in her custody or within her control that are responsive to Document Request Nos. 1-25 of Defendant A-1 Security's First Request for Production of Documents. In the event that Plaintiff has no documents responsive

to any particular Document Request, Plaintiff shall serve a response, under oath, stating "Plaintiff has conducted a diligent search and has no documents responsive to Request No. __ in her custody or control."

The Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: January 29, 2007

JOSEPH C. SPERO
United States Magistrate Judge