UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA McCOLM,<br><br>    Plaintiff(s),<br><br>v.<br><br>SAN FRANCISCO HOUSING<br>AUTHORITY ET AL.,<br><br>    Defendant(s).<br>_____/ | Case No. C-02-05810 PJH (JCS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SAN FRANCISCO HOUSING DEFENDANTS' MOTIONS TO COMPEL FURTHER RESPONSES AND FOR MONETARY SANCTIONS [Docket Nos. 119 and 122]** |

    Defendants The San Francisco Housing Authority, et al. have filed the following motions, which came on for hearing before the undersigned pursuant to notice and court order on March 16, 2007.

    1.    The San Francisco Housing Authority Defendants' Motion to Compel Further Responses to Special Interrogatories, Set One, and Request for Production, Set One ("Defendants' Motion to Compel") [Docket No. 122]; and

    2.    The San Francisco Housing Authority Defendants' Motion for Monetary Sanctions ("Defendants' First Motion for Monetary Sanctions") [Docket No. 119].

    Having heard the arguments of the parties and good cause appearing, the Court rules as set forth below.

    **A.**    **Defendants' Motion to Compel**

    Defendants' Motion to Compel is GRANTED.

        **(1)**    **Interrogatories**

    The Court first notes that Plaintiff did not provide any substantive responses to any of the interrogatories. Rather, Plaintiff repeats, over and over again, the same boilerplate objections.

Each one of the boilerplate objections raised by Plaintiff is OVERRULED.

Plaintiff objects that the number of interrogatories, including sub-parts, is greater than 25. This objection is OVERRULED. The Court approves the number of interrogatories as a reasonable number and specifically grants Defendants permission to propound these interrogatories.

Plaintiff's objection that the interrogatories are vague, ambiguous, and compound is OVERRULED. The interrogatories are readily comprehensible. Indeed, all of the interrogatories specifically seek information about the allegations made by Plaintiff in the Complaint, her claims, or her injuries. Plaintiff's objection that the interrogatories call for a legal conclusion is OVERRULED. This is not a proper objection to an interrogatory. *See*, Fed. R. Civ. P. 33(c). Plaintiff's objections that the interrogatory information is equally available to Defendants are OVERRULED. This is not a proper objection, as Plaintiff has argued in her Motions to Compel. Plaintiff's objections that the interrogatories are overbroad and not reasonably calculated to lead to the discovery of admissible evidence are OVERRULED. This objection is completely frivolous. The interrogatories are specifically limited to the issues in this case. Plaintiff's objections on the basis of attorney client privilege and work product doctrine, as well as privacy, are also OVERRULED. Plaintiff has not made any showing that would justify the application of these doctrines.

**(2)     Document Requests**

Plaintiff's Response to Defendants' First Request for Production of Documents is quite similar to her responses to interrogatories. Plaintiff does not assert that she produced any documents in response to these requests, and, in her written responses, does not identify any documents or make any commitment to produce any documents. She only reiterates, over and over again, boilerplate objections that have no applicability.

All of Plaintiff's objections to Defendants' First Request for Production of Documents are OVERRULED.

Plaintiff's objection that the requests are vague and ambiguous is OVERRULED. The document requests are comprehensible, most particularly because they quote from Plaintiff's Complaint in this matter. Plaintiff's objections that the requests are overbroad and not reasonably

calculated to lead to the discovery of admissible evidence are OVERRULED. These objections are frivolous. The document requests specifically relate to the claims in this case. Plaintiff's objection on the basis of privilege, work product, and privacy are OVERRULED. Plaintiff has made no showing that would justify the application of these doctrines. Plaintiff's objection that the documents are equally available to Defendants is OVERRULED for the reason previously stated. Plaintiff's objection that the document requests place an undue burden on her is OVERRULED. Plaintiff has made no showing that would justify this Court's interceding on the basis of burden. Finally, the Court notes that the document requests are narrowly tailored to the allegations in the Complaint.

Plaintiff is ORDERED, **on or before April 20, 2007**,[1] to provide full and complete responses, without objection, to all of the interrogatories in the Housing Authority's Special Interrogatories, Set One, and to produce all of the documents in her possession, custody, and control that are responsive to the Housing Authority's Request for Production of Documents, Set One.

**B.     Defendants' Motion for Monetary Sanctions**

Defendants' Motion for Monetary Sanctions is DENIED. The Court agrees that each and every one of Plaintiff's discovery responses at issue in this Motion are inappropriate and inadequate. Nonetheless, the Court concludes that an award of sanctions for failure to disclose at this time would be unjust. *See* Fed. R. Civ. P. 37(a)(4). Plaintiff is cautioned, however, that sanctions may be appropriate if Plaintiff continues to violate the rules governing discovery or if she violates this or any other court order. Accordingly, the Motion for Monetary Sanctions is DENIED.

IT IS SO ORDERED.

Dated: March 19, 2007

JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court (as requested by Plaintiff at the March 16, 2007 hearing) is granting Plaintiff until April 20, 2007, to provide documents and answers, rather than ten (10) days, light of Plaintiff's recent family and medical issues.