UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA McCOLM,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>SAN FRANCISCO HOUSING AUTHORITY ET AL.,<br><br>　　　　Defendant(s).<br>_____/ | Case No.  C-02-05810 PJH (JCS)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL**<br>**[Docket Nos. 115, 116, and 117]** |

　　　Plaintiff, Patricia McColm, has filed the following motions, which came on for hearing before the undersigned pursuant to notice and court order on March 16, 2007:

1. Plaintiff's Motion to Compel Production of Documents from the San Francisco Housing Authority (pursuant to Plaintiff's First Request for Production of Documents) ("Plaintiff's First Motion to Compel") [Docket No. 115];

2. Plaintiff's Motion to Compel Production of Documents from the San Francisco Housing Authority (pursuant to Plaintiff's Second Request for Production of Documents) ("Plaintiff's Second Motion to Compel") [Docket No. 117]; and

3. Plaintiff's Motion to Compel Production of Documents from Defendants Paula Jones dba A-1 Security (pursuant to Plaintiff's Request for Production, Set One) ("Plaintiff's Third Motion to Compel") [Docket No. 116].

　　　Having heard the arguments of the parties and good cause appearing, the Court rules as set forth below.

<mark>Case 4:02-cv-05810-PJH   Document 172   Filed 03/19/07   Page 2 of 3</mark>

<mark>1</mark> The Court notes that with respect to each of Plaintiff's Motions to Compel, she has again committed inappropriate conduct in relationship to the other parties in this case in a fashion that will not be tolerated by this Court. In the letters that she faxed to counsel in connection with her Motion to Compel Documents from A-1, she repeatedly referred to counsel as a "liar," having committed a "bad faith lie," and having "conspired" against her. According to defense counsel, in connection with the matters raised by this Motion, she used foul language when she telephone defense counsel's staff. She also sent faxes in which she accused counsel for the Housing Authority of "abuse" and "attorney misconduct."

The Court notes that the district judge has already imposed restrictions in this case as a result of Plaintiff's misbehavior. The Court again cautions Plaintiff that abusive behavior will not be tolerated.

### A.     Plaintiff's First Motion to Compel

Plaintiff's First Motion to Compel is DENIED. Plaintiff has identified no specific inadequacies in any of the particular responses made by the San Francisco Housing Authority ("Housing Authority") to Plaintiff's First Request for Production of Documents. In addition, Plaintiff's assertion, that the Housing Authority's response to the First Request for Production of Documents was one week late, and, therefore, that the Housing Authority waived all of its privileges, is without merit for two reasons. First, the Court finds good cause for the failure by the Housing Authority to serve timely its response to the First Request for Production of Documents. Plaintiff inadvertently stapled her First Request for Production of Documents to the back of a request for production of documents that was addressed to another defendant. Accordingly, the Court finds no waiver. In any event, Plaintiff was certainly not prejudiced by this delay: Defendants have represented that they did not withhold *any* documents, even though they did object to each of the paragraphs of the First Request for Production of Documents. Plaintiff has not identified any documents or categories of documents that she believes were withheld.

### B.     Plaintiff's Second Motion to Compel

Plaintiff's Second Motion to Compel is DENIED. Again, Plaintiff identifies no specific issues with respect to any of the specific paragraphs of her Second Request for Production of

<mark>2</mark>

The Court notes that with respect to each of Plaintiff's Motions to Compel, she has again committed inappropriate conduct in relationship to the other parties in this case in a fashion that will not be tolerated by this Court. In the letters that she faxed to counsel in connection with her Motion to Compel Documents from A-1, she repeatedly referred to counsel as a "liar," having committed a "bad faith lie," and having "conspired" against her. According to defense counsel, in connection with the matters raised by this Motion, she used foul language when she telephone defense counsel's staff. She also sent faxes in which she accused counsel for the Housing Authority of "abuse" and "attorney misconduct."

The Court notes that the district judge has already imposed restrictions in this case as a result of Plaintiff's misbehavior. The Court again cautions Plaintiff that abusive behavior will not be tolerated.

### A.     Plaintiff's First Motion to Compel

Plaintiff's First Motion to Compel is DENIED. Plaintiff has identified no specific inadequacies in any of the particular responses made by the San Francisco Housing Authority ("Housing Authority") to Plaintiff's First Request for Production of Documents. In addition, Plaintiff's assertion, that the Housing Authority's response to the First Request for Production of Documents was one week late, and, therefore, that the Housing Authority waived all of its privileges, is without merit for two reasons. First, the Court finds good cause for the failure by the Housing Authority to serve timely its response to the First Request for Production of Documents. Plaintiff inadvertently stapled her First Request for Production of Documents to the back of a request for production of documents that was addressed to another defendant. Accordingly, the Court finds no waiver. In any event, Plaintiff was certainly not prejudiced by this delay: Defendants have represented that they did not withhold *any* documents, even though they did object to each of the paragraphs of the First Request for Production of Documents. Plaintiff has not identified any documents or categories of documents that she believes were withheld.

### B.     Plaintiff's Second Motion to Compel

Plaintiff's Second Motion to Compel is DENIED. Again, Plaintiff identifies no specific issues with respect to any of the specific paragraphs of her Second Request for Production of

Documents to the Housing Authority. Defendant timely responded to the Second Request for Production of Documents. Plaintiff argues that Defendant did not produce a privilege log. However, a privilege log was produced – with respect to two (2) documents – along with the opposition to this Motion. The Court finds no waiver of the attorney-client privilege or the work product doctrine simply because the privilege log was served in response to the opposition in response to the motion. The Court finds the assertion of the privilege with respect to the two documents logged appropriate, and finds the delay in the production of this privilege log did not prejudice Plaintiff. Finally, Plaintiff has not demonstrated that Defendant has failed to produce any documents, despite her rhetoric to the contrary.

### C.     Plaintiff's Third Motion to Compel

Plaintiff's Third Motion to Compel is DENIED. Once again, Plaintiff does not raise any complaints about any of the specific objections raised in Defendant Paula Jones dba A-1 Security's ("A-1") response to Plaintiff's Request for Production, Set One. Indeed, Plaintiff does not identify any specific documents or categories of documents that were withheld. Plaintiff's sole argument is that Defendant A-1 made a mistake in the service of its Response, and, therefore, waived all objections. Plaintiff has not demonstrated that any documents would have to be produced even if this were true. In any event, the Court declines to find a waiver under the circumstances of this case. According to defense counsel, his clerical staff made a mistake in serving A-1's Response to Plaintiff's Request for Production, Set One – inadvertently serving it on co-defendant's counsel and indicating on the proof of service that co-defendant's counsel represented Plaintiff. That service was timely made. Immediately upon discovering the error, defense counsel provided a copy of the Response to Plaintiff. Plaintiff was not prejudiced by this error.

Accordingly, Plaintiff's Motions to Compel are DENIED.

IT IS SO ORDERED.

Dated: March 19, 2007

_____
JOSEPH C. SPERO
United States Magistrate Judge

3