UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

    Plaintiff,

    v.

SAN FRANCISCO HOUSING AUTHORITY, et al.

    Defendants.

_____/

No. C 02-5810 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR A STAY AND TO DISQUALIFY MAGISTRATE JUDGE**

    The court has received plaintiff Patricia McColm's ("McColm") May 2 and May 3, 2007, motions to stay the instant proceedings and to disqualify Magistrate Judge Spero. For the reasons that follow, the court DENIES both motions.

**I.    Plaintiff's Motion to Stay**

    Although the court has done so many times in prior orders addressing McColm's numerous requests for extensions of time, to stay the case, to stay discovery, and for various other accommodations, the court finds it appropriate to again set forth the lengthy procedural history of this case, detailing plaintiff's numerous requests and the court's many accommodations throughout the course of this litigation.

    It has been nearly four and one-half years since McColm filed the complaint in this case on December 12, 2002, and to date, the court has heard no dispositive motions. Since the case was reassigned to the undersigned judge on April 25, 2003, McColm has requested no less than **fifteen** accommodations, and has received no fewer than **seventeen** accommodations (several *sua sponte*). In addition to the court's

accommodations, defendants have also made a number of accommodations as well. While the court is not privy to those made for discovery events, defendants have referred to them in their oppositions to this request and in other filings. What follows is a detailed chronology of the requests of the court and the accommodations afforded.

It took McColm nearly three and one-half years to serve the defendants in this case. Exactly four years ago, on May 8, 2003, this court issued an order to show cause why plaintiff's claims should not be dismissed for failure to serve the defendants. Plaintiff was ordered to file a responsive written declaration no later than May 30, 2003. On June 2, 2003, the court granted plaintiff's request for a sixty-day extension of time to serve all defendants (plaintiff's request #1) and discharged the prior OSC, based on plaintiff's medical condition (court's first accommodation). On August 13, 2003, the court again granted plaintiff a thirty-day extension of time to serve all defendants (plaintiff's request #2), again based on plaintiff's medical condition (second accommodation). The court, however, advised plaintiff that was the final extension, and that any parties remaining unserved would be dismissed in thirty days.

On August 27, 2003, the San Francisco Housing Authority ("SFHA") filed a Rule 12(b) motion to dismiss. Plaintiff then requested a six-month extension to respond to SFHA's motion and to take jurisdictional discovery, based on her limitations due to her disability and due to an upcoming trial in state court (plaintiff's request #3). On September 17, 2003, the court denied plaintiff's request for discovery, but granted a two-month extension of the motion hearing date and related deadlines, and set a December 10, 2003 hearing date on the SFHA's motion to dismiss (court's third accommodation). In the meantime, on October 2, 2003, defendant A-1 Security Guards and the individual defendants moved to dismiss plaintiff's claims under Rule 12(b).

Again, on November 7, 2003, plaintiff moved to continue the December 10, 2003 hearing date due to conflicts with other state court matters and with problems involving her elderly father (plaintiff's request #4). The court denied McColm's request to move the hearing date, but granted her an extension of time to file her opposition brief (court's fourth

1  accommodation).  On November 19, 2003, plaintiff filed a first amended complaint ("FAC").

2  On November 20, 2003, the court denied all defendants' motions to dismiss as moot, and

3  ordered that they respond to plaintiff's FAC no later than December 22, 2003.  Some, but

4  not all defendants answered the FAC on December 12 and 19, 2003.

5        Plaintiff did not appear at the initial case management conference before Magistrate

6  Judge Larson on April 16, 2003.  As no defendant appeared and no proof of service on any

7  of the twenty named defendants had been filed, he concluded that no defendant had been

8  served.  Additionally, having not obtained the consent of the parties, he requested

9  reassignment of this case to a district judge and recommended dismissal of the complaint

10 for failure to serve.  A case management conference was not automatically scheduled

11 following the reassignment, as is the normal practice, because service had not been

12 accomplished and because various defendants sought dismissal of complaint.  As noted,

13 some of the defendants answered the FAC.  While the court was waiting for service on the

14 remaining defendants, the case fell through the cracks and two years of inactivity ensued.

15       When the inactivity came to the court's attention on January 5, 2006, the court

16 ordered the parties to file a joint statement regarding the status of the case.  Defendants

17 filed a timely separate statement, noting that they had not received any input from plaintiff

18 by the January 18, 2006 deadline.  On January 24, 2006, plaintiff requested an extension of

19 time to file a separate statement.  She needed more time based on her "acute medical"

20 conditions.  The request was granted and she thereafter filed her statement on February 8,

21 2006 (plaintiff's request #5 and court's fifth accommodation).

22       According to plaintiff's February 8, 2006 status statement and supporting

23 documents, she was unavailable for two months to attend to any deadlines in her case, due

24 to a medical condition.  The court subsequently granted her request to continue all

25 proceedings for sixty days from February 8, 2006 (plaintiff's request #6, and court's sixth

26 accommodation).

27       In her April 17, 2006 CMC statement, McColm again advised the court that due to

28 her acute medical condition, she would need a stay of at least another two months

(plaintiff's request #7). At the April 21, 2006 CMC, the court set a number of deadlines and ordered the opening of formal discovery. In light of plaintiff's medical condition, the court afforded her nearly three months - until July 20, 2006 - to respond to defendants' discovery requests which would normally be due under the federal rules within thirty days (court's seventh accommodation). Additionally, as it appeared that some defendants had still not been served with either the original or amended complaint, the court ordered that within 120 days, plaintiff must move for the default of any defendants she believed were properly served but who had not appeared, and further that any defendants remaining unserved would be dismissed, as well as any non-responding defendants whose default had not been sought. Plaintiff moved for the default of several defendants, and her motions were declined by the Clerk. On September 6, 2006, several individual defendants, one whose default had been declined and the other's whose default had not been sought, moved for their dismissal. McColm filed no opposition and their motion was granted.

In the meantime, on September 25, 2006, plaintiff filed an emergency motion for an enlargement of time to respond to discovery due to her medical condition and to stress caused by defendants (plaintiff's request #8). That same day, the court referred the motion and all discovery matters to Magistrate Judge Spero for resolution. Judge Spero granted in part and denied in part McColm's request for an extension, noting in the order that defendants had already granted McColm extensions (court's eighth accommodation).

On September 29, 2006, defendants filed a motion to dismiss and for an order prohibiting McColm from engaging in verbally abusive conduct towards staff members of their lawyer, and, on October 4, 2006, the court set a briefing schedule on the motions. On October 13, 2006, McColm requested an extension of the briefing schedule based on her ongoing discovery obligations, difficulties caused by permanent disabilities, and her acute medical condition (plaintiff's request #9), which the court granted on October 18, 2006 (court's ninth accommodation). The court noted, however, that it would grant no further continuances of the briefing schedule. Following completion of the briefing, the court set a December 6, 2006 hearing date. On December 1, 2006, plaintiff moved to appear at the

hearing telephonically based on her medical condition (plaintiff's request #10). The court denied the request based on the seriousness of the allegations, but noted that given her condition, it would call plaintiff's case first so that her appearance would be as short as possible (court's tenth accommodation). The motion to dismiss was denied, but an order was entered enjoining plaintiff's abusive conduct and providing direction for dealing with such conduct in the future.

Subsequently, on January 24, 2007, plaintiff requested leave of Magistrate Judge Spero to appear telephonically, due to her medical condition, at a hearing on defendants' motions to compel, which Judge Spero granted (plaintiff's request #11; court's eleventh accommodation).

On February 7, 2007, plaintiff requested an enlargement of time to comply with discovery deadlines, a stay of all proceedings, and a continuance of the pretrial and trial dates in the case based on the effects of her permanent disabilities and her medical condition (plaintiff's request #12). On February 8, 2007, the court denied the motion for a stay, to reopen discovery, and to continue the trial dates, noting the numerous continuances provided by the court, the age of the case, and lack of good cause. However, the court continued the filing date for dispositive motions by thirty days, but advised plaintiff that there would be no further continuances (court's twelfth accommodation).

On February 9, 2007, Judge Spero granted plaintiff's request for a further extension of time to respond to discovery (court's thirteenth accommodation). On March 15, 2007, plaintiff again requested leave to appear telephonically before Judge Spero at a discovery-related hearing, which Judge Spero granted (plaintiff's request #13, court's fourteenth accommodation).

On April 6, 2007, in an order which set a uniform briefing schedule and hearing date on two separate summary judgment motions filed by defendants, the court *sua sponte* continued the May 2, 2007 hearing date on defendants' motions for summary judgment to May 23, 2007 in order to afford plaintiff additional time to respond to both of the motions

(court's fifteenth accommodation).  Later that same day, the court received plaintiff's April 5, 2007 letter requesting a stay of all proceedings due to the fact that her father was hospitalized with a terminal medical condition (plaintiff's request #14).  In its April 9, 2007 order, the court granted in part and denied in part plaintiff's request.  It noted that it was not unsympathetic to plaintiff's situation, but that given the numerous extensions, the imminent trial date of July 30, 2007, and the court's need to manage its docket, the accommodation could not be without limits.  In light of plaintiff's request, it continued an April 25, 2007 hearing date on defendant's pending motion to dismiss by nearly 30 days to May 23, 2007, to be heard at the same time as the motions for summary judgment, and also continued the corresponding briefing schedule (court's sixteenth accommodation).  The court, however, warned both parties that no further continuances would or could be granted in view of the court's unavailability for the month of June 2007.

Subsequently, on April 15, 2007, plaintiff filed her fifteenth request for an accommodation with Judge Spero.  On April 18, 2007, Judge Spero granted plaintiff's request to continue the hearing on defendants' seven discovery-related motions until May 4, 2007 (court's seventeenth accommodation).

On May 2, 2007, plaintiff's oppositions to defendants' motions for summary judgment and motion to dismiss the case were due pursuant to this court's April 9, 2007 order.  Plaintiff failed to oppose the motions, and instead filed another emergency request to stay the proceedings based on her father's medical condition, family crises, and her severe bronchitis.  Plaintiff argued that the court's prior "short" continuances were insufficient to allow her to prosecute her case in a competent manner.

On May 4, 2007, defendants opposed plaintiff's motion.  Defendants argue that not only is the request for a stay unreasonable, but that they would be prejudiced by a stay, and note the nearly nine years that have passed since the events giving rise to the lawsuit, the potential for fading memories on the part of witnesses, the prior delays, the time and cost invested to date, and implications for its insurability in light of this pending litigation. *See* May 4, 2007 Oppos., Def. A-1 Security et al., at 4.

As the court has stated many times before in orders ruling on plaintiff's numerous requests for accommodation, it is not unsympathetic to plaintiff's situation. However, the accommodations are not without limit. That limit has been reached in this case, and enough is enough. It is time for the case to proceed forward on the merits. Time and again, plaintiff has managed to find the time and resources to construct fairly elaborate motions for stays and continuances, and most recently to disqualify the magistrate judge, while at the same time claiming that she is unable to meet deadlines regarding substantive motions.[1] As the seventeen accommodations granted to date demonstrate, this court has indeed afforded plaintiff numerous opportunities to comply with its orders and with the deadlines required by civil litigation. Plaintiff has yet to meet a court deadline without at least one, and on several occasions, multiple requests for an enlargement of time.

The delay and multiple accommodations granted plaintiff pose a very real potential for prejudice to defendants. As defendants note in their opposition, the age of this case increases the risk that evidence will disappear and witness memories will fade, thereby prejudicing their ability to competently defend the case. With delays come increased expense and uncertainty, affecting the defendants' ability to conduct their respective businesses. And lastly, the court is mindful that this litigation is stressful not just for plaintiff but also for the individual defendants and their lawyers. The court's prior order enjoining plaintiff's abusive behavior, and the papers filed in connection with that order, reflect some of the stress that plaintiff brings to the litigation.

For all of these reasons, plaintiff's request to stay the proceedings is DENIED. The motions for summary judgment and to dismiss the case will go forward for hearing as scheduled on **Wednesday, May 23, 2007 at 9:00 a.m.**

II.     **Plaintiff's Motion to Disqualify Magistrate Judge**

Plaintiff seeks to disqualify Magistrate Judge Joseph C. Spero on the grounds of bias and insensitivity. Plaintiff filed her motion one day prior to the May 4, 2007 hearing

---

[1] Indeed, the court notes that the official case file consists of *five* volumes - larger than that for most habeas cases - in spite of the fact that no substantive motions have been heard, although three are currently pending.

7

before Judge Spero on seven discovery motions filed by defendants, including motions to compel and for sanctions. On May 3, 2007, in light of this motion, the court vacated the May 4, 2007 hearing before Judge Spero.

In support of her request, plaintiff contends that Judge Spero has a personal bias against her, which includes a pre-conceived opinion as to her credibility, and implies that he has not taken seriously her emergency requests for accommodations based on her own disabilities and those of her family. Plaintiff also contends that Judge Spero's bias has been "promulgated" by the undersigned judge and her clerks.

The request is DENIED. First, a request that a judge recuse himself or herself should be made to that judge. However, because the case is assigned to the undersigned judge and is ultimately this court's responsibility, and because the request is so obviously without merit, the court here states the reason for its denial.

In short, McColm has not met her burden under 28 U.S.C. § 455(a), the statute under which she moves for disqualification. Under that section, recusal is appropriate only if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quotation omitted). Because a federal judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial. *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001).

McColm has not established the appearance of bias, let alone actual bias. "Bias or prejudice" connotes "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1966). Adverse rulings, even if erroneous, generally do not provide a basis for disqualifying a judge under § 455. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("alleged bias or prejudice to be disqualifying must stem from extrajudicial source"); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not adequate basis for recusal); *Toth v. TWA, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (same).

Indeed, judicial rulings occurring in the course of a judicial proceeding will "almost never" provide a basis for a recusal motion.  *Liteky*, 510 U.S. at 555.  Such a motion will be proper only if the rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  McColm provides no evidence of any deep-seated favoritism or antagonism that stems from an extrajudicial source, and has not established that there is a reasonable question that Judge Spero has a wrongful or inappropriate predisposition toward her.  Instead, as the controlling authority recognizes, judges are required to make credibility determinations and to weigh evidence presented by parties as a pretrial function.  An adverse credibility determination does not in itself establish bias.  There is nothing in the record to suggest that Judge Spero has done anything more than that required of him.

Accordingly, the request that the discovery reference be vacated and that discovery be assigned to a magistrate judge other than Judge Spero is DENIED.  The June 8, 2007 hearing date on plaintiff's motion to disqualify the judge is VACATED.

Nevertheless, the court will STAY the hearing on the pending discovery motions until resolution of defendants' substantive motions set for hearing on May 23, 2007.  Given that these motions were filed without the discovery sought in the discovery motions, it does not appear that the discovery sought is required for the substantive motions.  Should defendants' motions turn out to be entirely dispositive, the discovery motions will be moot.  If not, the hearing can be rescheduled before Judge Spero before the trial commences in July.

**IT IS SO ORDERED**.

Dated: May 8, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge