1

2

3                 UNITED STATES DISTRICT COURT

4                 NORTHERN DISTRICT OF CALIFORNIA

5

6

7   PATRICIA MCCOLM,

8              Plaintiff(s),              No. C 02-5810 PJH

9        v.                              **ORDER DENYING REQUEST FOR
                                         STAY OR CONTINUANCE**
10

11  SAN FRANCISCO HOUSING
    AUTHORITY, et al.,

12             Defendant(s).
    _____/

13

14       Before the court is yet another last-minute request from plaintiff, this time to vacate

15  tomorrow's hearing of defendants' motions for summary judgment.  Plaintiff further

16  requests that the hearing not be rescheduled until she has recovered from emotional

17  distress and acute illness.  She provides no estimate as to when this might occur, although

18  she says that her doctor has suggested eight weeks.  All defendants oppose her request.

19       Having denied similar requests for a continuance or to stay on April 9, 2007 and May

20  8, 2007, and in view of time constraints presented by yet another request presented so

21  close to the event sought to be continued, the court has neither the time nor the inclination

22  to once again set forth the lengthy procedural history of this case.  Instead the court

23  incorporates by reference the prior two orders denying similar requests and makes the

24  following additional observations.

25       Dispositive motions are due to be heard tomorrow, May 23, 2007.  Trial is scheduled

26  to commence on July 30, 2007, which means that pretrial papers must be filed by June 29,

27  2007.  The court is unavailable for most of the month of June, which means that any ruling

28  on dispositive motions must be made before the period of the court's unavailability begins

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

on June 4, 2007. The court has repeatedly advised the parties that the trial would not be continued given the age of this case and the other factors referenced by the May 8, 2007 order.

Plaintiff has requested (and been granted) one or more continuances of almost every deadline that has been imposed by this court or by the federal or local rules, for reasons having to do with her own health, the health of family members, or other litigation in which she is involved. Similarly, this latest request is based on what plaintiff refers to as emotional distress and acute illness and what her physician refers to as both "asthma and chronic bronchitis" and "acute medical condition and unavoidable life stressors." Decl. George Fulmer, M.D. ¶ 5. As the court has already ruled on requests to stay the proceedings for these reasons, the court will not revisit those rulings here.

The one thing that distinguishes this request from past requests, is that plaintiff now advises that her ailing father has passed away. Plaintiff does not provide, however, any indication as to the date of his death or any details that might permit the court to determine if the hearing conflicts with his funeral or whether a brief continuance might accommodate her needs. Moreover, counsel for defendant previously filed a notice of unavailability for the period May 26, 2007 to June 17, 2007, so even a brief continuance might not be possible.

In short there is no way to accommodate plaintiff without continuing the trial date. The court declines to do so for all of the reasons stated in the prior orders and for two additional reasons. First, it is difficult to assess the weight to be given to Dr. Fulmer's opinion that plaintiff is "unable to attend to her legal duties or appear for court hearings at this time," given that it is also his opinion that "it has been medically and emotionally *impossible* for plaintiff to attend to her legal duties such as preparation of sufficient documents or appear for competent argument *for months.*" (emphasis added) Decl. George Fulmer, M.D. ¶ 8. As noted by the court in the May 8, 2007 order, and by defendant A-1Security in its opposition to this last motion, plaintiff has indeed been physically able to

1  attend to her legal duties.  She has filed no fewer than *ten* motions/requests in the last 90

2  days, several of them voluminous, and all of them coherent.  Thus, Dr. Fulmer's opinion is

3  obviously not based on his personal knowledge of plaintiff's activities and is likely based

4  solely on her self-reports.

5  Second, the court holds no hope that rescheduling the trial would result in anything

6  than more of the same.  As recounted in the May 8, 2007 order, throughout this litigation,

7  plaintiff has requested continuance after continuance.  It is odd for a plaintiff to resist going

8  to trial with such ardor, but it appears to the court that plaintiff has vociferously litigated

9  every aspect of this case *except* the merits.  As previously stated, enough is enough.

10  Motion for stay or continuance is DENIED.

11  **IT IS SO ORDERED.**

12  Dated: May 22, 2007

13

14  _____
   PHYLLIS J. HAMILTON
15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

3